Nicholas EIRSCHELE, By and Through his parents Charles EIRSCHELE, his father and Kathleen Eirschele, his mother; and Charles and Kathleen Eirschele on their own behalf, Plaintiffs,

v.

**CRAVEN COUNTY BOARD OF EDUCATION, Defendant.**

No. 4:97–CV–217–H2.

United States District Court, E.D. North Carolina, Eastern Division.

May 20, 1998.

Stacey B. Bawtinhimer, New Bern, NC, for Plaintiffs.

Ann L. Majestic, Elaine M. Whitford, Tharrington Smith, Raleigh, NC, for Defendant.

## ORDER

MALCOLM J. HOWARD, District Judge.

The plaintiffs filed this action to recover for attorneys' fees, expert witness fees, and other costs they incurred in challenging the educational program provided to their son by the defendant, Craven County Board of Education, in a case heard before the North Carolina Office of Administrative Hearings. Defendant filed motions to dismiss and strike portions of plaintiffs' complaint, for entry of a protective order, and to stay discovery of information regarding defendant's expert witness fees and costs associated with the previous administrative proceeding. Plaintiffs responded to defendant's motions, and requested that the court order defendant to pay plaintiffs' expenses incurred in compelling discovery. These matters are ripe for ruling.

## STATEMENT OF THE CASE

Nicholas Eirschele ("Nick") and his parents, Charles and Kathleen Eirschele, filed a state administrative action on May 28, 1996, in which they alleged that Nick, a learning disabled child diagnosed with Attention Deficit Hyperactivity Disorder (A.D.H.D.), was denied a free and appropriate public education. Because of their dissatisfaction with the education Craven County public schools provided to their son, Nick's parents sent him to live with his grandparents in La-Crosse, Wisconsin, where Nick attended public school and received private tutoring for the 1995–96, and part of the 1996–97, school years.

State Review Officer Gail Sorenson ("Sorenson"), affirmed the administrative law judge's conclusion that Craven County's Individualized Education Plan ("IEP") for Nick for the 1995–96 school year was inappropriate under state and federal laws and that Nick's parents' decision to place him in Wisconsin public schools that year was appropriate. Sorenson also upheld the administrative law judge's ("ALJ") order that Craven County reimburse Nick's parents for costs associated with certain evaluations of Nick, costs for private tutoring, and some of the travel costs and expenses associated with Nick's Wisconsin education. However, Sorenson reversed the ALJ's order that Nick's parents recover for lost wages and other incidental expenses associated with their trips to Wisconsin and for independent evaluations of

Nick conducted in April and June of 1996. Sorenson also upheld the ALJ's ruling that the IEP Craven County developed for Nick for the 1996–97 school year was appropriate, and, accordingly, denied any recovery for expenses plaintiffs incurred during that school year.

Plaintiffs then filed this action pursuant to 20 U.S.C. § 1415(i)(3) and 42 U.S.C. § 1988 to recover for attorneys' fees, costs, paralegal fees, and expert witness fees they incurred in litigating claims for defendant's alleged violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Defendant filed a motion to dismiss plaintiffs' claims for expert witness fees and plaintiffs' claims that they were entitled to recover for their fees pursuant to 42 U.S.C. § 1988. In addition, defendant moved to strike portions of plaintiffs' complaint for misrepresenting the administrative record, being immaterial to the present action, and for failure to comply with the notice pleading requirements of Fed.R.Civ.P. 8.

Defendant then filed a motion asking that the court prohibit the discovery of information plaintiffs requested in Request for Admissions 1, 1A, 1B, and Request for Production 7, except for information related to billing by defendant's lawyers and legal staff. Defendant also requested that the court stay discovery of any information related to defendant's expert witness fees and costs pending resolution of defendant's motion to dismiss.

## COURT'S DISCUSSION

### I. Standard of Review

■ Motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure are only granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In the words of this court: "As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some

insuperable bar to relief." *First Fin. Sav. Bank, Inc. v. American Bankers Ins. Co.,* 699 F.Supp. 1158, 1161 (E.D.N.C.1988).

In reviewing a motion to dismiss for failure to state a claim, the court should view the allegations of the complaint in the light most favorable to the plaintiff. *De Sole v. United States of America,* 947 F.2d 1169, 1171 (4th Cir.1991). A motion to dismiss should only be granted when the plaintiff can prove no set of facts that would entitle him to relief. *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993).

### II. Defendant's Motion to Dismiss Plaintiffs' Claim for Fees and Costs Associated with Expert Witnesses

■ Defendant argues that § 1415(i)(3)(B) of the IDEA, which permits prevailing parties to recover "reasonable attorneys' fees as part of the costs," does not entitle plaintiffs to recover for fees and expenses associated with the work of expert witnesses. Furthermore, defendant contends that although 42 U.S.C. § 1988 permits a prevailing party to recover expert witness fees, plaintiffs' § 1988 claims are barred because § 1988 does not apply to a separate federal action filed solely to recover attorneys' fees.

Plaintiffs devote much of their brief responding to defendant's motion to dismiss to a discussion of cases that permit a prevailing party under the IDEA to recovery attorneys' fees and costs in a separately filed action—a point that defendant does not appear to dispute. Plaintiffs respond to defendant's argument that expert witness fees are disallowed under § 1415 of the IDEA by making two arguments: first, that expert witness fees constitute "related costs" within the meaning of § 1415; and, second, that plaintiffs are entitled to recover such costs under 42 U.S.C. § 1988. The court will address these arguments in turn.

### A. Are expert witness fees recoverable under § 1415 of the IDEA?

The IDEA requires each state to adopt "a policy that assures all children with disabilities the right to a free appropriate public education" in order to receive federal funding for special education programs. 20 U.S.C.

§ 1412(1). In addition, the IDEA requires states to adopt procedural safeguards to protect children with disabilities and their parents. 20 U.S.C. § 1415. Among the procedural protections mandated by Congress is the requirement that school systems provide a due process hearing during which parents may present their complaints. 20 U.S.C. § 1415(b)(1),(2). In addition, § 1415(e)(4)(B) provides:

> In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardians of a child or youth with a disability who is a prevailing party.

Courts construing 20 U.S.C. § 1415's fee-shifting provisions have consistently relied on cases interpreting the fee-shifting provisions of 42 U.S.C. § 1988, which permits courts to award attorneys' fees to prevailing parties in civil rights litigation. *See Beard v. Teska*, 31 F.3d 942, 950 (10th Cir.1994). While no circuit court has ruled on the issue of whether expert witness fees are part of the "costs" listed in § 1415, the Supreme Court in *West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), interpreted almost identical language in the former version of 42 U.S.C. § 1988 as failing to convey authority to shift expert fees.[1]

The Supreme Court rejected the petitioner's argument in *Casey* that the $100,000 petitioner had incurred in fees for expert services could be considered "costs" under § 1988. The Court relied upon its holding in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), that 28 U.S.C. § 1920, which lists the items that may be taxed as costs, and 28

U.S.C. § 1821(b), which limits the witness fees authorized by § 1920, define the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further. Therefore, the *Casey* court concluded that, as to the testimonial services of the petitioner's experts, *Crawford Fitting* plainly required, as a prerequisite to reimbursement, that petitioner identify explicit statutory authority, which petitioner could not do. *Casey* further rejected petitioner's argument that fees for expert consultation, rather than testimony, were included as a category of "costs" under § 1920. After concluding that none of the expert fees beyond the $30 per diem then authorized for witnesses under 28 U.S.C. § 1821(b) were reimbursable as costs under § 1988, the court then addressed whether such expert fees were part of "attorney's fees" within the meaning of the statute.

After reciting a litany of statutes in which Congress had separately delineated provisions for recovering attorneys' fees and expert witness fees, the Court concluded that one term could not embody the other without rendering "dozens of statutes referring to the two separately [ ] an inexplicable redundancy." *Id.* 499 U.S. at 92, 111 S.Ct. 1138. The *Casey* Court likewise rejected the petitioner's argument that the "congressional purpose in enacting § 1988 must prevail over the ordinary meaning of the statutory terms." *Id.* at 98, 111 S.Ct. 1138. The Court explained its view that:

> [t]he best evidence of that purpose is the statutory text adopted by both Houses of Congress and submitted to the President. Where that contains a phrase that is unambiguous—that has a clearly accepted meaning in both legislative and judicial

---

1. When *Casey* was decided, 42 U.S.C. § 1988 provided in relevant part that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

 After *Casey*, Congress amended 42 U.S.C. § 1988 by adding subsection c, which expressly provides: "In awarding an attorney's fee under subsection (b) of this section ... the court, in its discretion, may include expert fees as part of the attorney's fee." Justice Scalia, who wrote the majority opinion in *Casey*, was undaunted by dissenting Justice Stevens' suggestion that any

subsequent amendment of the statute would prove that *Casey* was wrongly decided:

> The implication is that today's holding will be proved wrong if Congress amends the law .... We think not. The "will of Congress" we look to is not a will evolving from Session to Session, but a will expressed in a particular enactment. Otherwise, we would speak not of "interpreting" the law but of "intuiting" or "predicting" it. Our role is to say what the law, as hitherto enacted is; not to forecast what the law, as amended, will be.

*Id.* 499 U.S. at 101 n. 7, 111 S.Ct. 1138.

practice—we do not permit it to be expanded or contracted by the statements of individual legislators or committees during the course of the enactment process. Congress could easily have shifted "attorney's fees and expert witness fees," or "reasonable litigation expenses" as it did in contemporaneous statutes; it chose instead to enact more restrictive language, and we are bound by that restriction.

*Id.* at 98–99, 111 S.Ct. 1138 (citations omitted).

Significantly, the petitioner in *Casey* cited as support for its position a 1986 House Conference Committee report discussing § 1415 of the IDEA (formerly the Handicapped Children's Protection Act of 1986), which stated:

> The conferees intend that the term "attorneys' fees as part of the costs" include reasonable expenses and fees of expert witnesses and the reasonable costs of any test or evaluation which is found to be necessary for the preparation of the case.

*Id.* at 91 n. 5, 111 S.Ct. 1138 (quoting H.R. Conf. Rep. No. 99–687, at 5 (1986), *reprinted in* 1986 U.S.C.C.A.N. 1798, 1808).

The committee report failed to impress the *Casey* court, which concluded that it undercut the petitioner's position because "[t]he specification would have been quite unnecessary if the ordinary meaning of the term included those elements. The statement is an apparent effort to depart from ordinary meaning and to define a term of art." *Id.* at 91, 111 S.Ct. 1138.

As this court previously noted, Congress amended § 1988 after *Casey* to expressly provide for an award of attorneys' fees, but did not amend the attorneys' fee provisions of the IDEA. None of the circuit courts of appeal have ruled on whether *Casey* foreclosed an award of expert witness fees under the IDEA, and district courts considering the issue have reached opposing conclusions.

The United States District Court for the District of New Jersey concluded in *Field v. Haddonfield Board of Education,* 769 F.Supp. 1313 (D.N.J.1991), that Justice Scalia's reference in *Casey*'s footnote five to the conference committee report on the IDEA, meant that "unlike § 1988, Congress intended that expert fees be included 'as part of the costs' allowable under § 1415(e)(4)(B)." [2]

However, the United States District Court for the Middle District of Florida took issue with that reasoning in *Jennings v. Duval County School Board,* No. 90–378–CIV–J–10, 1992 U.S. Dist. LEXIS 20575 (M.D.Fla.1992), and explained that "[f]ootnote 5 recognized a party's argument, it did not adopt that argument as law.... While 'attorney fees as part of costs' is different verbiage than used on other statutes, it still does not explicitly allow expert fees, as was done by the statutes cited in *Casey.*" *Id.* at *41–*42; *see also Cynthia K. v. Board of Education,* No. 95 C 7172, 1996 WL 164381, at *2 (N.D.Ill.1996) (citing *Casey* and holding that expert witness fees "are simply not recoverable" under the IDEA).

This court agrees with the *Jennings* court's conclusion that footnote 5 of the *Casey* opinion only acknowledged a party's argument and, instead of adopting that position as law, flatly rejected it. *Crawford Fitting* and *Casey* unambiguously dictate that the shifting of litigation costs beyond that authorized in 28 U.S.C. § 1920 and 28 U.S.C. § 1821(b) must be supported by express statutory authority. Furthermore, *Casey* made clear that conference committee interpretations that are not evidenced by the plain language of the adopted statute do not provide such authority. Because the Supreme Court in *Casey* held that the words "reasonable attorney's fees as part of the costs" did not provide for an award of expert witness fees, this court is compelled to find that § 1415's provision for "reasonable attorneys' fees as part of the costs" likewise does not provide for an award of expert witness fees,

---

**2.** *Field,* 769 F.Supp. at 1323; *see also Bailey v. District of Columbia,* 839 F.Supp. 888, 892 (D.D.C.1993) ("Congress does not usually intend for the fees or costs of experts to be awarded as a part of a reasonable attorney's fee..... However, the statute at issue in this case,

§ 1415(e)(4)(B), is an exception.); *Aranow v. District of Columbia,* 791 F.Supp. 318, 318 (D.D.C. 1992) (Based upon a review of the legislative history of [] 20 U.S.C. § 1415(e), the Court is convinced that the award of fees for the services of an expert witness is not barred [by *Casey* ].")

despite what some members of the House conference committee who considered the statutory language may have intended.

### B. Are plaintiffs entitled to recover expert fees pursuant to 28 U.S.C. § 1988?

 Plaintiffs contend that even if the IDEA does not provide for an award of expert witness fees, they may recover such fees under 42 U.S.C. § 1988. However, the Supreme Court ruled in *North Carolina Department of Transportation v. Crest Street Community Council,* 479 U.S. 6, 15, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), that no separate federal action could be brought solely to recover attorneys' fees under § 1988. In other words, § 1988 only operates as a fee-shifting provision for plaintiffs who have filed lawsuits to enforce certain civil rights laws, not for plaintiffs who simply have prevailed in state administrative proceedings. *See id.*

 Furthermore, the IDEA is the exclusive statutory remedy for deprivations of the education rights created by the act, and plaintiffs are not entitled to enforce these rights through a 42 U.S.C. § 1983 action. *See Smith v. Robinson,* 468 U.S. 992, 1009, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984); *Duane M. v. Orleans Parish School Board,* 861 F.2d 115, 117 (5th Cir.1988). Therefore, the court finds plaintiffs' contention that they are entitled to recover expert fees under 42 U.S.C. § 1988 unsupported in law.

Accordingly, the court GRANTS defendant's motion to dismiss plaintiffs' claims for expert witness fees insofar as those fees exceed the $40 witness fee authorized by 28 U.S.C. § 1821(b).

### III. Defendant's Motion to Strike

Defendant has moved to strike portions of plaintiffs' pleadings for failing to comply with the requirements of notice pleading set forth in Fed.R.Civ.P. 8. While the court agrees with the defendant that portions of plaintiffs' pleadings extend beyond "short and plain" statements of their claims for relief, the court does not find sufficient fault with plaintiffs' pleadings to justify striking significant portions of plaintiffs' complaint. Therefore, the court, in its discretion, DENIES defendant's motion to strike.

### IV. Defendant's Motion for a Protective Order

 To recover attorneys' fees, the plaintiffs must present adequate documentation of reasonable hours and costs invested in connection with their successful claims in order to establish a reasonable fee award. *See Hensley v. Eckerhart,* 461 U.S. 424, 433–37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In addition to seeking discovery of defendant's expenditures for attorneys' fees related to the administrative proceedings, plaintiffs have requested that defendant identify all school personnel, volunteers, expert witnesses, non-expert witnesses, and university staff who assisted in the administrative action, the hours they worked, and the rate at which they were compensated. (*See* Pl.'s First Request for Admissions, numbers 1, 1A, 1B, and Pl.'s Request for Production, number 7.) Because the court believes that only information related to billing by defendant's lawyers and legal staff is relevant to plaintiffs' action for attorneys' fees, the court GRANTS defendant's motion for a protective order and prohibits plaintiffs from seeking to discover information related to witness fees or any person's work on the administrative proceeding besides persons associated with the legal counsel who represented defendant.

Accordingly, the court strikes plaintiff's Request for Production, number 7, in its entirety. The court further strikes the words "teachers" through "university staff" in plaintiffs' Request for Admission, number 1, and inserts the word "legal" before "office staff." Defendant may delete any privileged communications contained in these remaining materials before disclosing them to the plaintiffs.

Finally, the court DENIES plaintiffs' request that the court order defendant to pay plaintiffs' expenses incurred because of the "alleged violation of Rule 26." The court ORDERS defendant to provide the requested information no later than ten (10) days from the entry of this order.

## CONCLUSION

For the above stated reasons, the court GRANTS defendant's motion to dismiss plaintiffs' claims for expert witness fees and costs, DENIES defendant's motion to strike, GRANTS defendant's motion for a protective order, and DENIES plaintiffs' motion for expenses incurred in compelling defendant's response to discovery.