James PAZIK and Debra
Pazik, Plaintiffs,

v.

GATEWAY REGIONAL SCHOOL
DISTRICT, Defendant.

No. Civ.A. 00–30078–MAP.

United States District Court,
D. Massachusetts.

Jan. 30, 2001.

Marilyn J. Schmidt, Schmidt & Botter, Northampton, MA, for James Pazik and Debra Pazik, plaintiffs.

Claire L. Thompson, Doherty, Wallace, Pillsbury & Murphy, Springfield, MA, for Gateway Regional School District, defendant.

## ORDER

PONSOR, District Judge.

Upon de novo review this Report and Recommendation is hereby adopted, without objection. The plaintiff's motion for summary judgment is allowed, and the defendant's motion is denied. The clerk will enter judgment for plaintiffs in the amount of $13,491.58.

*REPORT AND RECOMMENDATION WITH REGARD TO THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT*

NEIMAN, United States Magistrate Judge.

The predominant issue presented by the parties' cross motions for summary judgment, which have been referred to the court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1), is whether or not expert witness fees can be recovered by James and Debra Pazik ("Plaintiffs") from Gateway Regional School District ("Gateway") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B). For the reasons which follow, the court will recommend that Plaintiffs recover such fees. As to a secondary issue—regarding other costs and attorney's fees incurred by Plaintiffs prior to commencing suit—the court will recommend that Plaintiffs recover such costs and fees as well.

## I. BACKGROUND

The underlying facts of the case are undisputed. Plaintiffs' daughter is a learning-disabled student at Gateway. In July of 1999, Plaintiffs filed a formal request for a hearing with the Bureau of Special Education Appeals ("BSEA") to challenge the Individual Education Plan ("IEP") proposed for their daughter's education. Hearings were held before the BSEA in October and November of 1999, and in February of 2000 the hearing officer found in favor of Plaintiffs, concluding that their daughter should be placed in a more appropriate school setting.

Following the BSEA decision, Plaintiffs sought attorney's fees and costs, as well as expert witness fees totalling $3,250 for testimony provided by Cristina Dinardo–Dupre, LICSW, Plaintiffs' daughter's therapist ($100), and Lois Carra, Ph.D., a neuro-psychologist from Tufts' Floating Hospital for Children ($3,150). Unable to resolve their dispute with Gateway, Plaintiffs filed a complaint in this court in May of 2000 seeking relief under the IDEA for costs and fees totaling $15,407.18. (See Docket No. 11: Amended Complaint ¶¶ 8 and 9.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the record reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). The facts must be viewed in a light most favorable to the non-moving party. *Santiago–Ramirez v. Secretary of Dep't of Defense of the United States*, 62 F.3d 445, 446 (1st Cir. 1995). The non-moving party bears the burden of placing at least one material fact into dispute after the moving party shows the absence of any disputed material fact. *Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir.1994) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Absent a genuine dispute of material fact, questions of law are appropriate for resolution on summary judgment. *Jimenez v. Peninsular & Oriental Steam Nav. Co.*, 974 F.2d 221, 223 (1st Cir.1992). The mere fact that both parties move for summary judgment does not change the foregoing analysis. *United Paperworkers Intern. Union Local 14, AFL—CIO—CLC v. International Paper Co.*, 64 F.3d 28, 32 n. 2 (1st Cir.1995).

## III. DISCUSSION

In 1985, following the Supreme Court's decision in *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), which held that the right to sue did not include the right to recover attorney's fees, Congress enacted the Handicapped Children's Protection Act, P.L. 99–372, which amended the IDEA by adding a new provision relating to fees and costs. As now recodified, the IDEA provides that, "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). There is no dispute that fees and costs can be awarded to parents who prevail at the administrative level. *See King v. Floyd County Bd. of Ed.*, 228 F.3d 622, 625 (6th Cir.2000). Nor is there any dispute here that Plaintiffs prevailed before the BSEA. (Docket No. 10: Statement of Undisputed Facts ¶ 2.) The sole issues, then, are the amount of attorney's fees and costs due Plaintiffs and whether expert fees incurred by them in the administrative process are recoverable in this calculus.

In the court's opinion, the amount of attorney's fees and costs, other than expert fees, is readily resolvable. Of somewhat greater complexity is the question of expert fees, and it is on this issue that the parties expend most of their energy. After due consideration, the court believes that expert fees are also payable under the IDEA and, as a result, that Plaintiffs are entitled to have those fees paid by Gateway. Accordingly, the court will recom-

mend that Plaintiffs' motion be allowed and that Gateway's motion be denied.

It should be noted, however, that if the court's recommendation is adopted, the matter would not entirely end. The fees and costs presently at issue include only those incurred to the point this lawsuit was filed. Thus, as both parties agree, if Plaintiffs' motion for summary judgment is allowed, they would be entitled to seek additional attorney's fees and costs related to the present litigation.

### A. Attorney's Fees

■ Although it is undisputed that Plaintiffs may recover attorney's fees from Gateway under the IDEA, the parties do dispute the amount of fees payable. *Compare State of N.H. v. Adams,* 159 F.3d 680, 684 (1st Cir.1998). Plaintiffs seek $180 per hour for their counsel's time, while Gateway asserts that $125 per hour is a more reasonable fee for attorneys practicing special education law. In this regard, the IDEA establishes certain circumstances under which requested attorney's fees may be reduced. *See* 20 U.S.C. § 1415(i)(3)(F). Gateway chooses to rely on only one of those circumstances, subsection (ii). That subsection allows a court to reduce a requested fee if it finds that it "unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation and experience."

Setting aside the somewhat self-serving affidavits which the parties' attorneys executed (Docket Nos. 15 and 18), the court concludes—in partial reference to the affidavit of another attorney, Peter Smith, submitted by Gateway (Docket No. 20)— that $150 is the appropriate hourly fee in this matter. *See Mr. and Mrs. B. v. Weston Bd. of Ed.,* 34 F.Supp.2d 777, 782 (D.Conn.1999) (lack of affidavits from other attorneys results in a failure to establish that requested rate is consistent with those prevailing in the community for similar services); *Smart SMR of New York, Inc. v. Zoning Commission of Town of*

*Stratford,* 9 F.Supp.2d 143, 148 (D.Conn. 1998) (similar). The $150 hourly fee is also comparable to rates with which the court is familiar for attorneys of somewhat greater experience. *See, e.g., Andrew S. v. School Committee of Greenfield,* 59 F.Supp.2d 237, 248 (D.Mass.1999) (finding, based on affidavits, $175 hourly fee reasonable, although number of hours claimed excessive).

Applying the $150 rate to Plaintiffs' counsel's claimed hours, the court recommends that Plaintiffs be awarded $9,600 in attorneys fees for 64 hours of work. The court also recommends that Plaintiffs recover $498.60 in paralegal fees and $143.98 in non-expert costs, neither of which Gateway has challenged with any force. *See Yaris v. Special Sch. Dist. of St. Louis County,* 661 F.Supp. 996, 1002 (E.D.Mo. 1987) (awarding paralegal fees and costs); *Gonzalez v. Puerto Rico Dep't of Education,* 1 F.Supp.2d 111, 116 (D.P.R.1998) (awarding uncontested paralegal fees).

■ In making these recommendations, the court is aware of Gateway's attempt at oral argument to question the number of hours expended. This was belated at best. In applying for judicial approval of a fee award, not only is it "the plaintiff's burden to furnish the evidence required," *Weinberger v. Great Northern Nekoosa Corp.,* 925 F.2d 518, 527 n. 11 (1st Cir.1991), but a defendant's objection needs a certain level of particularity and specificity, *see Domegan v. Ponte,* 972 F.2d 401, 420 n. 35 (1st Cir.1992) (defendants' failure to produce evidence of market rates means they cannot prevail on rate-based objection to fee award), *vacated on other grounds,* 507 U.S. 956, 113 S.Ct. 1378, 122 L.Ed.2d 754 (1993); *Rogers v. Okin,* 821 F.2d 22, 30 (1st Cir.1987) (noting that the realities of fee award reviews compel objectors "to select priority targets and marshal the facts as effectively as possible"), *abrogated on other grounds by Missouri v. Jenkins,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); *Brewster v. Dukakis,* 786 F.2d 16, 18–19 (1st Cir.1986) (recognizing defen-

dants' obligation to object with some particularity to plaintiff's fee application). Gateway ignored this obligation until the last minute and, in any case, its oral proffer was too general to be of much assistance to the court.

## B. Expert Witness Fees

█ As indicated, the IDEA provides that "the court, in its discretion, may award reasonable attorney's fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). Whether expert fees are payable under this section is a matter of first impression in this circuit. Indeed, as noted in *Eirschele v. Craven County Bd. of Ed.*, 7 F.Supp.2d 655, 658 (E.D.N.C.1998), no circuit court, apparently, has ruled on whether expert witness fees can be considered "costs" under this provision.

Although, on its face, the statute mentions only "attorney's fees" and "costs," it assumes, by its construction, that costs include something more than attorney's fees. However, as Plaintiffs acknowledge, the statute makes no express mention of the cost of experts. Nevertheless, Plaintiffs argue, it is clear that Congress intended that expert fees be part of the costs payable under the statute.

A key piece of legislative history, the House of Representatives Conference Report, supports Plaintiffs' argument:

> The conferees intend that the term "attorneys fees as part of the costs" include reasonable expenses and fees of expert witnesses and the reasonable costs of any test or evaluation which is found to be necessary for the preparation of the parent or guardian's case in the action or proceeding, as well as traditional costs incurred in the course of litigating a case.

H.R.Conf.Rep. No. 99–687, at 5 (1986). Relying on this history, many courts have found that properly documented and reasonable expert fees are payable. *See B.K. v. Toms River Bd. of Educ.*, 998 F.Supp. 462, 473 and n. 14 (D.N.J.1998); *Virginia McC v. Corrigan–Camden Indep. School Dist.*, 909 F.Supp. 1023, 1033 (E.D.Tex. 1995); *E.M. v. Millville Bd. of Ed.*, 849 F.Supp. 312, 318 (D.N.J.1994); *Bailey v. Dist. of Columbia*, 839 F.Supp. 888, 892 (D.D.C.1993); *Aranow v. Dist. of Columbia*, 791 F.Supp. 318, 318 (D.D.C.1992); *Field v. Haddonfield Bd. of Ed.*, 769 F.Supp. 1313, 1323 (D.N.J.1991); *Kattan v. Dist. of Columbia*, 1991 WL 222312, at * 3 (D.D.C. Oct. 17, 1991), *aff'd*, 995 F.2d 274 (D.C.Cir.1993).

Given these rulings, what then is Gateway's argument in opposition to Plaintiffs' motion? In essence, Gateway asserts that, notwithstanding the cited legislative history, the court cannot allow expert fees absent explicit statutory language. In support, Gateway relies on a decision arising out of the Eastern District of North Carolina which held that expert witness fees were not recoverable as "costs" under the IDEA and that the court was therefore powerless to shift such costs to the local school district. *Eirschele*, 7 F.Supp.2d at 659–60. *See also Cynthia K. v. Bd. of Ed. of Lincoln–Way High Sch. Dist. 210*, 1996 WL 164381 (N.D.Ill. Apr. 1, 1996).

In reaching its conclusion, the *Eirschele* court relied on the Supreme Court's decision in *West Virginia Univ. Hospitals, Inc. v. Casey*, 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), where Justice Scalia, writing for the majority, deemed that expert fees were not payable under 42 U.S.C. § 1988, which, at the time, contained an attorney's fees and cost provision similar to the one at issue here.[1] In the course of his opinion, Justice Scalia acknowledged the IDEA House Conference Report upon which the plaintiff there

---

1. After *Casey*, Congress amended section 1988 to expressly state that expert witness fees are recoverable costs.

made reference. Such legislative history, Justice Scalia stated, "undercuts rather than supports [the plaintiff's] position: The specification would have been quite unnecessary if the ordinary meaning of the term included those elements. The statement is an apparent effort to depart from ordinary meaning and to define a term of art." *Casey,* 499 U.S. at 91 n. 5, 111 S.Ct. 1138.

The *Eirschele* court is correct to the extent it reads Justice Scalia, in dicta, as acknowledging, but rejecting, the plaintiff's attempt in *Casey* to draw on the IDEA's legislative history. Any implication that Justice Scalia's observation can be interpreted otherwise is misdirected. *See Field,* 769 F.Supp. at 1323 (Justice Scalia's reference to the conference committee report on the IDEA means that, "unlike § 1988, Congress intended that expert fees be included 'as part of the costs' allowable under § 1415(e)(4)(B)").

Still, notwithstanding Justice Scalia's preference to interpret section 1415 on its face, this court finds it hard to ignore the congressional intent of section 1415 as expressed by the conferees, particularly in light of the ambiguous nature of the statutory language. In this regard, the court notes the evolving recognition by the Supreme Court of legislative history in the interpretation of statutes, *see* Charles Tiefer, *The Reconceptualization of Legislative History in the Supreme Court,* 2000 Wis. L.Rev. 205 (2000), particularly where, as here, the legislative history is comprised of so explicit a committee report. *See also* Stephen Breyer, *On the Uses of Legislative History in Interpreting Statues,* 65 S.Cal.L.Rev. 845 (1992).

As recently as September, the First Circuit itself utilized just such an approach to understand a statutory provision regarding attorney's fees. *See Boivin v. Black,* 225 F.3d 36 (1st Cir.2000). *Boivin* involved the amount of fees a prevailing plaintiff-prisoner could seek under the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e). At issue was whether a nomi-

nal damage award could be considered "a monetary judgment" under the statute absent express statutory authority. Although section 1977(e) does not explicitly state that nominal damages fall within the meaning of "a monetary judgment," the First Circuit chose to give deference to what it believed to be Congressional intent and found nominal damages to be monetary judgments under the statute. *Id. See also Sidell v. Comm'r of Internal Revenue,* 225 F.3d 103, 107–08 (1st Cir.2000) (citing House Conference Report when interpreting broad obligation of statutory authority to Commissioner of Internal Revenue Service).

The payment of expert fees is consistent with the purpose of the IDEA, as amended by the Education for All Handicapped Children Act, Pub.L. 94–142, 89 Stat. 773 (1975) ("EHA"), to ensure that states provide all disabled children with a "free appropriate public education." As the Supreme Court explained, the EHA "guarantees to parents the right to participate in the development of an [IEP] for their handicapped child, and to challenge the appropriateness of their child's IEP in an administrative hearing with subsequent judicial review." *Dellmuth v. Muth,* 491 U.S. 223, 225, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989). When the Supreme Court found that the EHA did not include an express provision allowing for attorney's fees, *Smith,* 468 U.S. at 1020, 104 S.Ct. 3457, Congress created the express cause of action for fees and costs which lies at the heart of the instant matter. As the Fifth Circuit explained, "Congress read the Supreme Court's decision in *Smith* and acted swiftly, decisively, and with uncharacteristic clarity to correct what it viewed as judicial misinterpretation of its intent." *Fontenot v. Louisiana Bd. of Elementary & Secondary Ed.,* 805 F.2d 1222, 1223 (5th Cir.1986).

Similarly here, the court is chary to ignore an intent so clearly expressed by the conferees, namely, that expert witness fees are to be considered part of the costs

payable. As Gateway acknowledged at oral argument, expert witnesses are often used in administrative hearings concerning disputes affecting the education of children. With highly specialized knowledge, experts perform tasks which would take far longer if attempted by an attorney. In addition, as was the case here, expert testimony is often critical to the outcome of a case. No doubt it was this need for experts which informed Congress when it enacted section 1415. At bottom, there is no other way to accomplish the legislative purpose of making a prevailing party whole than to order payment of the reasonable costs of experts upon whom parents are often required to rely.

## IV. CONCLUSION

For the reasons stated, the court recommends that Gateway's motion for summary judgment be DENIED and, concomitantly, that Plaintiffs' motion be ALLOWED. Accordingly, the court recommends that Plaintiffs be awarded $10,098.60 in attorney and paralegal fees, $143.98 in costs and $3,250 in expert fees, all of which was expended prior to the commencement of this action.[2]

January 3, 2001.

---

**2.** The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services,* 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn,* 474 U.S. 140, 154–55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.