**Ethan BRILLON, by his parents and next friends Gilbert BRILLON and Rosalie Brillon, Plaintiff,**

v.

**KLEIN INDEPENDENT SCHOOL DISTRICT, Defendant.**

**No. CIV.A.H–02–16325.**

United States District Court,
S.D. Texas,
Houston Division.

July 8, 2003.

Maryann Overath, Southern Disability Law Ctr, Austin, TX, for Plaintiff.

Jeffrey L Rogers, Feldman and Rogers, Houston, TX, for Defendant.

## MEMORANDUM & ORDER

RAINEY, District Judge.

Pending before the Court are Plaintiffs' Motion to Tax Costs (Dkt.# 42) and Plaintiffs' Application for Costs and Attorneys' Fees (Dkt.# 43). After consideration of the parties' arguments and the applicable law, the Court is of the opinion that Plaintiffs' Motion to Tax Costs should be GRANTED and Plaintiffs' Application for Costs and Attorneys' Fees should be GRANTED in part and DENIED in part, as explained below.

### Factual and Procedural Background

Plaintiffs brought this lawsuit against Defendant as an appeal of the decision of a special education hearing officer proceeding under the Individuals with Disabilities Education Act ("IDEA"). The hearing officer determined that although Plaintiffs requested placement of E.B. in all regular education classes, the more proper placement for E.B. was, as Defendant proposed, in all special education classes for academic subject areas. The Magistrate issued a Memorandum & Recommendation on February 24, 2003, which this Court adopted in an Order dated March 22, 2003, that reversed the hearing officer's decision and instructed that E.B. be placed in regular education classes for science and social studies and special education classes for his other academic subjects. On May 23, 2003, the Court entered Final Judgment in this case. Defendant has appealed this Court's decision to the Fifth Circuit Court of Appeals. On June 6, 2003, Plaintiffs filed their Motion to Tax Costs and Application for Costs and Attorneys' Fees, which the Court now addresses.

## Discussion

In their Motion to Tax Costs, Plaintiffs seek reimbursement of costs in the amount of $1,114.00. In their Application for Costs and Attorneys' Fees, Plaintiffs maintain that, as the prevailing party in this lawsuit, they are entitled to an award of expenses and attorneys' fees. Specifically, Plaintiffs ask the Court to award them attorneys' fees in the amount of $99,496.25 and expenses for expert fees in the amount of $13,835.00, for a combined amount of $113,331.25.

## I. Motion to Tax Costs

■ The Court finds reasonable the costs incurred by Plaintiffs as outlined in their Bill of Costs.[1] Plaintiffs are the prevailing party in this case because they have obtained "actual relief on the merits of [their] claim that materially alters the legal relationship between the parties by modifying [Defendant's] behavior in a way that directly benefits [Plaintiffs]." *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). As the prevailing party, Plaintiffs are entitled to recover their reasonable costs pursuant to Federal Rule of Civil Procedure 54(d). Accordingly, the Court will grant Plaintiffs' motion to tax Defendant for Plaintiffs' general costs in the amount of $1,114.00.

## II. Application for Costs and Attorneys' Fees

Defendant objects to the amount requested in the application for costs and attorneys' fees and asks that the award be significantly reduced on four grounds. First, Defendant argues that Plaintiffs application for attorneys' fees includes duplicative fees to which Plaintiffs' counsel is not entitled. Second, Defendant insists that the amount of attorneys' fees should be "reduced to conform to the Affidavit of Plaintiffs' attorney."[2] Third, Defendant maintains that the attorneys' fees should be reduced to reflect the level of Plaintiffs' more limited success in this case. Finally, Defendant insists that, under the IDEA, Plaintiffs are not entitled to recover the expert witness fees they seek. The Court will first address Plaintiffs' request for attorneys' fees and will then evaluate Plaintiffs' request for expert fees.

### A. Attorneys' Fees

As stated above, Plaintiffs seek an award of attorneys' fees in the amount of $99,496.25. Defendant objects to an award in that amount on three main grounds: Plaintiffs' counsel's inclusion of duplicative fees in their itemized accounting, the nonconformity of Plaintiffs' counsel's affidavit and itemized accounting, and Plaintiffs failure to wholly prevail. The Court has considered each of Defendant's objections in its assessment of the appropriate attorneys' fees and addresses them individually below.

### 1. Lodestar Fee

■ The IDEA provides that "in any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorney's fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). "A finding that a party is a prevailing party only makes him eligible to receive attorneys' fees under the IDEA; it does not automatically entitle him to

---

1. The Bill of Costs submitted by Plaintiffs identifies the following amounts in costs: $150.00 for fees of the Clerk, $542.50 for fees of the court reporter for transcript, $421.50 for photocopies of necessary papers. All of these costs are authorized under Rule 54(d) and the general costs statute, 28 U.S.C. § 1920.

2. Dkt. # 45, ¶ II.B.

recover the full amount that he spent on legal representation." *Jason D.W. v. Houston I.S.D.*, 158 F.3d 205, 209 (5th Cir.1998). In determining the appropriate award of attorneys' fees, the Court first calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the attorneys' reasonable hourly rate. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). It is within the Court's discretion to adjust the lodestar figure by considering several factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974).[3]

■ Here, Plaintiffs' counsel accounts for 559.7 total attorney hours of time spent on this case, as well as 17.7 travel hours. The Court finds that amount to be generally reasonable, in view of the duration of the case and level of activity involved. The affidavit of Plaintiffs' counsel indicates an hourly rate of $175.00 for all activity other than travel, for which an hourly rate of $87.50 is charged. After reviewing the qualifications of Plaintiffs' counsel, taking into account the nature of the case, and considering the customary fee charged in similar cases, the Court is of the opinion that such a rate is reasonable. Additionally, Defendant does not contest Plaintiffs' counsel's rate. Therefore, the Court calculates the lodestar figure to be 559.7 hours, multiplied by $175.00 (subtotal of $97,947.50), plus 17.7 hours, multiplied by $87.50 (subtotal of $1,548.75), for a total of $99,496.25.

### 2. Adjustments to Fees

■ Once the Court has determined the lodestar figure, the Court may adjust that amount after considering the twelve *Johnson* factors, as well as other compelling arguments from the non-prevailing party. *Johnson*, 488 F.2d at 717–19.

### a. Duplicative Fees

■ Defendant argues that the Court should reduce the award of attorneys' fees by eliminating duplicative charges for activities performed by both of Plaintiffs' attorneys. Plaintiffs' application includes an "Itemized Accounting of Attorney Hours," in which Plaintiffs' counsel outlines the activities related to this case and the time spent performing each activity. As Defendant correctly notes, according to the itemized accounting, many of the activities listed were performed by both Ms. Overath and Mr. Hofer. These activities include the drafting of briefing, preparation for the due process hearing, and review of documents. Defendant insists that Plaintiffs are not entitled to recover fees for their "excessive duplication of effort."[4]

The Court finds that Plaintiffs' counsel's hours are not excessive. Contrary to Defendant's argument, the mere fact that both Plaintiffs' attorneys participated in various activities does not necessarily indicate that they were "essentially performing the same tasks." Rather, it is not uncommon for attorneys to collaborate and combine their efforts on a case, each completing a portion of a given task, such as drafting a response to a motion for sum-

---

**3.** The *Johnson* factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Jason D.W. v. Houston ISD*, 158 F.3d 205, 209 (5th Cir.1998).

**4.** Dkt. # 45, ¶ II.A.

mary judgment. Defendant has cited the Court to no law prohibiting the division of effort between two attorneys. Indeed, Defendant does not contend that the total combined hours spent by Plaintiffs' counsel was excessive, only that two attorneys participated in the completion of the work. The Court finds that the 559.7 combined hours spent by Plaintiffs' counsel during the period from November 6, 2001 to June 6, 2003 was reasonable. Thus, the Court declines to reduce the requested award on the ground that Ms. Overath and Mr. Hofer participated jointly in the completion of various tasks related to this case.

### b. Plaintiffs' Counsel's Affidavit

 Next, Defendant demands that Plaintiffs' attorneys fees be reduced by $1,855.00 in order to conform with statements made by Mr. Hofer in his affidavit. Specifically, Defendant argues that although Mr. Hofer testified in his affidavit that no hours are claimed for time spent advancing ADA and Rehabilitation Act claims,[5] Plaintiffs' counsel's itemized accounting includes an entry for "9 hours he allegedly spent on November 21, 2001 drafting Plaintiffs' ADA and § 504 sections of the summary judgment brief." [6]

A review of the itemized accounting reveals no such entry for November 21, 2001. However, an entry for November 21, 2002 does identify that 9 hours were spent "draft[ing] ADA/504 sections for summary judgment." The Court presumes that this is the entry to which Defendant refers. Because Plaintiffs did not prevail on their ADA and Rehabilitation Act claims, and in order to conform the itemized accounting to Mr. Hofer's affidavit, the Court shall reduce the requested award by $1,575.00, equaling the 9 hours Mr. Hofer spent

drafting the ADA and Rehabilitation Act sections of the summary judgment brief multiplied by Mr. Hofer's hourly rate of $175.00 per hour.

Defendant also makes the following objection:

> Mr. Hofer claims that no hours are being claimed for time spent by counsel responding to Defendant's Objections to the Magistrate's Order, but in the itemized attorneys' fees, on September 2, 2002, Mr. Hofer and Ms. Overath list a combined 1.6 hours spent drafting and revising Plaintiffs' response to Defendant's Objections to the Magistrate's Order.[7]

After reviewing Mr. Hofer's affidavit, the Court finds Defendant's argument to be misleading. In his affidavit, Mr. Hofer does not state that no hours are claimed for time spent responding to Defendant's Objections to the Magistrate's August 2002 Order. Rather, Mr. Hofer testifies that Plaintiffs did not claim time spent objecting to the Magistrate's Memorandum & Recommendation (entered February 4, 2003) or responding to Defendant's objections to that M & R because the M & R was adopted without modification.[8] As Mr. Hofer stated, Plaintiffs do not attempt to collect for such efforts. Accordingly, the Court declines to reduce the Plaintiffs' hourly total by 1.6 hours, as requested by Defendant.

### c. Degree of Success

Defendant argues that Plaintiffs' attorneys fees "should be reduced to reflect the limited success achieved by Plaintiffs." [9] Indeed, Plaintiffs were not entirely successful on summary judgment. Specifically, the Court granted summary judgment in favor of the Defendant on Plaintiffs'

---

**5.** *See* Affidavit of Peter Hofer, Dkt. # 43, Exh. A., ¶ 8.

**6.** Dkt. # 45, ¶ II.B.

**7.** *Id.*

**8.** *See* Dkt. # 43, Exh. A., ¶ 8.

**9.** Dkt. # 45, ¶ II.C.

claims of ADA and Rehabilitation Act violations. Second, although Plaintiffs sought to have E.B placed in all general education classes and requested that Defendant hire a consultant, the Court did not find that such a placement would be proper and, instead, placed E.B. in general education classes for only Science and Social Studies. The Court also declined to order Defendant to hire a consultant. Based on the fact that Plaintiffs did not wholly prevail, Defendant argues, Plaintiffs' fees should be reduced.

■ As stated above, the Court may adjust the lodestar figure by considering twelve factors. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974); *see also Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). The most influential of these factors in the assessment of a fee award is "the degree of success obtained." *Farrar*, 506 U.S. at 114, 113 S.Ct. 566.

■ The Court agrees with Defendant that, although Plaintiffs are the prevailing party in this case, their fee award should be reduced to reflect the fact that they did not prevail on their ADA and Rehabilitation Act claims, nor did they achieve their ultimate goal of total placement in general education classes. Defendant seeks a 50% reduction in Plaintiffs' attorneys' fees. The Court finds this reduction to appropriately reflect Plaintiffs' success in this case. Therefore, the Court will reduce the total amount of attorneys' fees by half. The lodestar figure calculated by the Court is $99,496.25. As explained above, the Court finds that that amount should be reduced by $1,575.00 to eliminate fees for time Plaintiffs' counsel spent drafting portions of the summary judgment brief on which Plaintiffs did not prevail. After that subtraction, $97,921.25 in attorneys' fees remains. The Court will divide that amount in half and award a total of $48,960.62 in attorneys' fees. The Court, after consider-

ation of the *Johnson* factors, finds this amount to be reasonable and appropriate.

### B. Expert Fees

■ In addition to an award of attorneys' fees, Plaintiffs request $13,825.00 in expert witness fees. Defendant maintains that Plaintiffs are not entitled to recover those fees under the IDEA. In contrast, Plaintiffs insist that expert fees are recoverable under that statute. The parties' disagreement reflects a similar debate among federal courts. Indeed, district courts disagree as to whether a prevailing party may recover expert fees as part of his attorneys' fees and costs under IDEA § 1415(i)(3)(B), a question which the Fifth Circuit Court of Appeals has not addressed.

The IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). The statute does not specifically include expert fees as part of recoverable costs. A portion of the statute's legislative history sets forth: "the conferees intend that the term 'attorneys' fees as part of costs' include reasonable expenses and fees of expert witnesses and the reasonable costs of any test or evaluation which is found necessary for the preparation of the ... case in the action or proceeding, as well as traditional costs incurred in the course of litigating a case." H.R. CONF. REP. NO. 99–687, at 5 (1986), *reprinted in* 1986 U.S.C.C.A.N. 1798, 1808.

Relying, in part, on this piece of legislative history, several district courts have awarded expert fees in IDEA cases. *See, e.g., TD v. LaGrange Sch. Dist. No. 102*, 222 F.Supp.2d 1062, 1066 (N.D.Ill.2002) (holding that expert witness fees are recoverable as part of attorneys' fees and costs); *B.D. v. DeBuono*, 177 F.Supp.2d

201 (S.D.N.Y.2001) (finding that, in view of the legislative history of the IDEA, Congress intended for expert fees to be recoverable under the statute); *Pazik v. Gateway Reg'l Sch. Dist.*, 130 F.Supp.2d 217, 220 (D.Mass.2001) (finding recovery of expert fees to be "consistent with the purpose of the IDEA"); *Mr. J. v. Bd. of Educ.*, 98 F.Supp.2d 226, 242–43 (D.Conn. 2000) (awarding expert fees to prevailing party and concluding that "any other result would be unjust"); *P.G. v. Brick Township Bd. of Educ.*, 124 F.Supp.2d 251, 267 (D.N.J.2000) (determining that expert fees may be awarded to plaintiffs as costs under the IDEA). These courts have determined that awarding expert fees as part of the prevailing party's costs comports with the overall purpose of the IDEA and Congress's intent as it is expressed in the legislative history.

Other courts have declined to award expert fees in IDEA cases, finding that the statutory language does not specifically provide for such an award. *See, e.g., Eirschele v. Craven County Bd. of Educ.*, 7 F.Supp.2d 655, 659–60 (E.D.N.C.1998) (refusing to award expert fees in an IDEA case after concluding that if Congress had intended expert fees to be recoverable, it would have made such an intent clear in the language of the statute); *Shanahan v. Bd. of Educ. of the Jamesville–DeWitt Sch. Dist.*, 953 F.Supp. 440, 446 (N.D.N.Y.1997)

(holding that the IDEA provided no authority to courts to award expert fees as part of attorneys' fees and costs); *Cynthia K. v. Bd. of Educ. of Lincoln–Way High Sch. Dist.*, 1996 WL 164381, at *2, 1996 U.S. Dist. LEXIS 4054, *5–*6 (N.D.Ill. 1996) (finding that expert fees "are simply not recoverable" under the IDEA).

The Eighth Circuit Court of Appeals is the only federal appellate court to have decided whether expert fees are recoverable under the IDEA. *See Neosho R–V Sch. Dist. v. Clark*, 315 F.3d 1022, 1030–33 (8th Cir.2003). In *Neosho R–V School Dist. v. Clark*, the Eighth Circuit held that it was not error for the district court to refuse to grant expert witness fees under the IDEA. *See id.* at 1033. Central to the Court's ruling was its determination that Congress's intent is most properly found in the language of the statute, and that "absent some ambiguity in the statute," the Court should not look to legislative history. *Id.* at 1032.

Because the *Neosho* Court found that IDEA § 1415(i)(3)(B) provides "no explicit authorization of expert witness fees," it determined that the meaning of the term "costs" is governed by the general statutory provisions providing for the taxation of costs in ordinary litigation, 28 U.S.C. § 1920 [10] and 28 U.S.C. § 1821.[11] *Id.* These sections, read together, permit district courts to tax certain fees as costs

---

**10.** 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies or papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

**11.** 28 U.S.C. § 1821 provides in relevant part:
> (a)
> (1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursu-

against the non-prevailing party. They do not provide for an additional tax for expert fees. According to the Eighth Circuit, "nothing in the plain language of the [IDEA] indicates that the district court is authorized to exceed the limitations set out in § 1821 and § 1920." *Id.*

After considering both sides of the expert fee debate, the Court declines to follow the Eighth Circuit. The Court is persuaded that, given the legislative history behind IDEA § 1415(i)(3)(B), Congress intended for expert fees to be recoverable by prevailing parents as part of their reasonable costs. Even Justice Scalia, a staunch proponent of strict statutory construction who rarely relies on legislative history, distinguishing the IDEA from § 1988, characterized the IDEA conferees' statement in the House Conference Report as "an apparent effort to depart from [the] ordinary meaning [of 'costs'] and to define a term of art." *West Virginia Univ. Hosps. v. Casey*, 499 U.S. 83, 91 n. 5, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991).

The Court believes that a finding that the prevailing party may recover expert fees is the only way to effectuate the overall purpose of the IDEA-to protect the rights of children with disabilities and parents of those children. *See* 20 U.S.C. § 1400(d)(1)(B). To enforce these rights, children and parents must incur significant costs, not the least of which are the fees to utilize experts, who are commonly needed in IDEA cases to establish a child's learning disability. Many school districts employ child and education experts on staff. If parents were unable to recover their expert fees, they might be unable to hire their own expert to effectively challenge the school district's position, thereby diminishing their ability to protect their rights to "free appropriate public edu-

cation ... designed to meet their unique needs." *See* 20 U.S.C. § 1400(c)(1)(A). Accordingly, the Court finds that the history and purpose of the IDEA compel a finding that Plaintiffs may recover their expert fees under 20 U.S.C. § 1415(i)(3)(B). Thus, the Court will award Plaintiffs expert fees in the amount of $13,825.00.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Tax Costs is GRANTED. The Court therefore will award Plaintiffs general costs in the amount of $1,114.00. Plaintiffs' Application for Costs and Attorneys' Fees is GRANTED in part and DENIED in part. The Court therefore will award Plaintiffs attorneys fees in the amount of $48,960.62 and expert fees in the amount of $13,825.00. All amounts shall be awarded in a separate order entered on even date herewith.

## ORDER

In accordance with the Memorandum & Order issued this date, the Court finds that Plaintiffs are entitled to an award of attorneys' fees and costs. It is ORDERED that Plaintiffs shall recover an award of $48,960.62 in attorneys' fees from Defendant. It is further ORDERED that Plaintiffs shall recover an award of $1,114.00 in general costs and $13,825.00 in expert fees from Defendant.

The amounts listed above shall bear post-judgment interest from the date of judgment to the date paid in the amount of 1.02% per annum.

It is so ORDERED.

ant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

(b) A witness shall be paid an attendance fee of $40 for each day's attendance ...