**ANTONIO, by and through his MOTHER, Plaintiff,**

v.

**BOSTON PUBLIC SCHOOLS, Defendant.**

No. CIV.A.2002–12396–RBC [1].

United States District Court, D. Massachusetts.

April 27, 2004.

Richard Ames, Rosenfeld & Rafik, P.C., Boston, MA, for Antonio, Plaintiff.

Peter M. Kelley, Office of Legal Advisor in Boston Public Schools, Boston, MA, for Boston Public Schools, Defendant.

Alissa Ocasio, City of Boston Law Department Boston Public Schools, Boston, MA, for Boston Public Schools, Defendant.

Mala M. Rafik, Rosenfeld & Rafik, PC, Boston, for Antonio, Plaintiff.

S. Stephen Rosenfeld, Rosenfeld & Rafik, P.C., Boston, MA, for Antonio, Plaintiff.

*MEMORANDUM AND ORDER ON WHETHER OR NOT PLAINTIFF IS A "PREVAILING PARTY" AND THEREBY ENTITLED TO ATTORNEYS' FEES*

COLLINGS, United States Magistrate Judge.

### I. Introduction

In mid-December, 2002, minor-plaintiff Antonio [2] (hereinafter "Plaintiff"), by and through his mother (hereinafter "Parent"), filed the instant action against the Boston Public Schools (hereinafter "Defendant" or "BPS") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* Having succeeded in his appeal of his proposed Individual Education Plan ("IEP") to the Massachusetts Department of Education, Bureau of Special Education Appeals ("BSEA"), Plaintiff now seeks an award of attorneys' fees and costs pursuant to 20 U.S.C. § 1415(3)(B) [3].

---

1. With the parties' consent, this case was referred and reassigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c).

2. Antonio is a pseudonym employed in order to preserve the minor's anonymity.

3. This statutory provision reads: "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." Title 20 U.S.C. § 1415(3)(B).

BPS denies that Plaintiff is entitled to such an award for a variety of reasons.

As a threshold matter, entitlement to an award of attorneys' fees hinges upon whether Plaintiff is considered to be a prevailing party within the meaning of the statute. In order to frame the issue for resolution, on July 10, 2003, Defendant filed a memorandum of law in support of the contention that Plaintiff does not qualify as a prevailing party under the IDEA. BPS argues that because an administrative agency rather than a court granted the relief sought, Plaintiff is not entitled to attorneys' fees and costs. Plaintiff has countered with his own memorandum of law in support of his contention that, indeed, consequent to his success before the BSEA, he enjoys prevailing party status. At this juncture, the prevailing party issue stands ready to be decided.

## II. Facts

The background facts are not in dispute. BPS determined Plaintiff to be a student with disabilities. This finding entitled Plaintiff, now a ten-year old, to a free appropriate public education (hereinafter "FAPE") under both federal and state law. BPS developed an individual education plan (hereinafter "IEP") that provided for Plaintiff's placement at the McKinley Elementary School. In February or March of 2002, Parent, acting *pro se* on her child's behalf, filed an appeal to the BSEA asserting that BPS' proposed IEP would not meet her son's special educational needs. At that time, Parent sought a residential school placement for Plaintiff since he was then "an inpatient at the Walker Acute Residential Treatment facility, a program providing psychiatric and related treatment services to seriously disturbed children." (Complaint #1 ¶7) Counsel filed

an appearance on behalf of Plaintiff on April 22, 2002.[4]

Following a two-day hearing in late August, 2002, in an Order dated October 3, 2003, the BSEA hearing officer granted all the relief sought by Plaintiff. This Order was followed by a twenty-one page written decision of the hearing officer dated November 15, 2002. BPS complied with the Order and Decision and revised Plaintiff's IEP to conform with the administrative outcome. In a November 21, 2002 letter, Plaintiff's counsel wrote to Defendant and requested payment of attorneys' fees and costs since Plaintiff was the prevailing party. BPS responded by denying Plaintiff's request on the grounds that Defendant was "under no obligation" to pay fees and costs. Thereafter on December 13, 2002, the instant lawsuit was filed.

## III. Discussion

Congress enacted the IDEA

to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living.

Title 20 U.S.C. § 1400(d)(1)(A).

Schools with children meeting the IDEA's criteria develop IEPs designed to address the student's individual needs and set forth goals for the child. *See generally* Title 20 U.S.C. § 1414.

If caretakers of a student are not satisfied with the IEP, they can undertake the process of appeal laid out by both the IDEA and state law. *See* Title 20 U.S.C. § 1415(f); Mass. Gen. L. c. 71B § 3. Under the Massachusetts Special Education

---

4. Plaintiff's counsel argued in the Amended Pre–Hearing Statement that was filed with the BSEA on May 22, 2002 that (1) the BPS' IEP would not meet the plaintiff's educational needs, (2) Plaintiff now sought placement "in a full-year, specialized, structured, therapeutic day school" and (3) Plaintiff was entitled to compensatory education. (#1 ¶9)

Law, caretakers must file a complaint with the BSEA detailing what they believe is wrong with the student's IEP. Mass. Gen. L. c. 71B § 3. If the parties do not reach a settlement, an impartial, due-process hearing for which counsel may be present occurs and the BSEA hearing officer renders a decision. Mass. Gen. L. c. 71(B) (citing to IDEA for guidance). Thereafter, in certain circumstances, if either party is yet aggrieved, they may seek further recourse in the state superior court. Mass. Gen. L. c. 71B § 3.

The issue to be decided in this case is whether Plaintiff's complete success at the administrative level and Defendant's acceptance and implementation the BSEA hearing officer's Order confers upon Plaintiff prevailing party status such that he is entitled to an award of attorneys' fees and costs.

A panoply of federal statutes, including the IDEA, provide for attorneys' fees and costs to the prevailing party. In *Buckhannon v. West Virginia Dep't of Health*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the United States Supreme Court considered the question of whether the term "prevailing party"

> includes a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct.

*Buckhannon*, 532 U.S. at 600, 121 S.Ct. 1835.

In *Buckhannon*, the petitioners challenged certain West Virginia state laws as violative of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.* (hereinafter "FHAA"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (hereinafter "ADA"). *Buckhannon*, 532 U.S. at 600–01, 121 S.Ct. 1835. The case was dismissed as moot by the District Court following the enactment of certain West Virginia bills that "eliminated the allegedly offensive provisions." *Buckhannon*, 532 U.S. at 601, 121 S.Ct. 1835. The petitioners then sought an award of attorneys' fees "under the 'catalyst theory,' which posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon*, 532 U.S. at 601, 121 S.Ct. 1835. Following Fourth Circuit precedent, the District Court denied the bid for fees, a ruling which was affirmed on appeal. *Buckhannon*, 532 U.S. at 602, 121 S.Ct. 1835. In light of a split in the Circuits over the viability of the catalyst theory, the Supreme Court granted certiorari. *Buckhannon*, 532 U.S. at 602, 121 S.Ct. 1835.

The Supreme Court rejected the catalyst theory, concluding "that enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon*, 532 U.S. at 604, 121 S.Ct. 1835 (citations omitted). The Court explained that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 605, 121 S.Ct. 1835.

The *Buckhannon* decision dealt specifically with the FHAA and the ADA. However, Circuit courts have viewed the Court's holding expansively. *See, e.g., New England Regional Council of Carpenters v. Kinton*, 284 F.3d 9, 30 (1 Cir., 2002) (applying *Buckhannon* to the Civil Rights Attorneys' Fees Awards Act of 1976); *Oil, Chem. and Atomic Workers Int'l Union, AFL–CIO v. Department of Energy*, 288 F.3d 452, 455 (D.C.Cir., 2002) (applying *Buckhannon* to the Freedom of

Information Act); *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 667 (7 Cir., 2001) (holding *Buckhannon* applicable to the Fair Credit Reporting Act). Moreover, three Circuit courts have specifically determined *Buckhannon* to be applicable to the IDEA. *See T.D. v. LaGrange School District No. 102*, 349 F.3d 469, 478 (7 Cir., 2003)("Today, we join the Second and Third Circuits in holding that *Buckhannon* is applicable to the IDEA"); *John T. v. Del. County Intermediate Unit*, 318 F.3d 545, 556 (3 Cir., 2003); *J.C. v. Reg'l Sch. Dist. 10*, 278 F.3d 119, 125 (2 Cir., 2002). So, too, the District Court in Massachusetts has applied the *Buckhannon* reasoning in the IDEA context, and the First Circuit has affirmed that decision. *Doe v. Boston Public Schools*, 358 F.3d 20 (D.Mass., 2004). At the District Court level, Chief Judge Young held that the plaintiff was not entitled to attorneys' fees "because [she] achieved only a private settlement that was not entered as an order, [thus] she does not satisfy *Buckhannon's* definition of 'prevailing party.'" *Doe*, 264 F.Supp.2d 65, 73 (D.Mass., 2003). On appeal, the First Circuit concurred:

> Consistent with each of the circuit courts that have considered the application of Buckhannon to the IDEA, we hold that IDEA plaintiffs who achieve their desired result via private settlement may not, in the absence of judicial imprimatur, be considered "prevailing parties."

*Doe*, 358 F.3d at 29–30.

Defendant contends that, in light of the *Doe* decision, it is clear that the *Buckhannon* rationale is applicable in IDEA cases. Since the *Buckhannon* decision "establish[es] that enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorneys' fees," *Buckhannon*, 532 U.S. at 604, 121 S.Ct. 1835, BPS argues that in the absence of a judi-

cial decision, Plaintiff cannot achieve prevailing party status.

The *Doe* case, of course, can be readily distinguished from the case at hand because it involved a private settlement by the parties without any judicial imprimatur. In the present case, Plaintiff clearly is not invoking the catalyst theory as a basis for recovering attorneys' fees. Rather, the parties litigated the issues in a two-day hearing following which the BSEA hearing officer issued an Order and ultimately a detailed written decision. The change in the legal relationship between Plaintiff and Defendant was not voluntary, but rather as a consequence of BPS' compliance with the hearing officer's Order.

Pre-*Buckhannon*, the Supreme Court ruled that § 706(f) and § 706(k) of Title VII "authorize a federal-court action to recover an award of attorney's fees for work done by the prevailing complainant in state proceedings to which the complainant was referred pursuant to the provisions of Title VII." *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 71, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). The Court determined that Congress intended to authorize fee awards for "work done in administrative proceedings" and thus that federal courts are empowered to hear lawsuits seeking only fee awards for "legal work done in state and local proceedings." *New York Gaslight Club*, 447 U.S. at 66, 100 S.Ct. 2024.

Following *New York Gaslight Club*, Massachusetts adopted the reasoning that a plaintiff is a prevailing party entitled to attorneys' fees following the issuance of an Order in his favor by a state administrative officer. *See Michael F. v. Cambridge School Department*, No. 86–2532–C, 1987 WL 7752 (D.Mass., March 5, 1987). Carefully examining the IDEA, the Court defined "proceedings" as used in the statute to refer both to administrative and judicial

proceedings. *Michael F.*, 1987 WL 7752 at *2. Given this definition and the legislative history of the IDEA, it was determined that the statute intended to permit an award of attorneys' fees for work done at the administrative level. *Michael F.*, 1987 WL 7752 at *3–4.

The case of *Pazik v. Gateway Regional School District*, 130 F.Supp.2d 217 (D.Mass., 2001), decided just prior to *Buckhannon*, is remarkably similar to the case at bar. In *Pazik*, the plaintiffs filed a request for a BSEA hearing in response to the IEP proposed for their learning-disabled daughter. *Pazik*, 130 F.Supp.2d at 218. The decision of the hearing officer was favorable to the plaintiffs, at which point they moved for an award of attorneys' fees and costs. *Pazik*, 130 F.Supp.2d at 218. While the parties disagreed as to the amounts to be compensated, the Court noted that "[t]here is no dispute that fees and costs can be awarded to parents who prevail at the administrative level." *Pazik*, 130 F.Supp.2d at 218 (citing *King v. Floyd County Bd. of Ed.*, 228 F.3d 622, 625 (6 Cir., 2000)).

In sum, prior to *Buckhannon*, there is clear precedent supporting the contention that attorneys' fees could and should be awarded after an Order is entered in favor of a plaintiff following an administrative hearing. Put another way, if a plaintiff is a victor at the administrative level and the relationship between the plaintiff and defendant is altered consequent to the administrative proceedings, the plaintiff is considered to be the prevailing party.

Post-*Buckhannon* case law continues to support the premise that a plaintiff can achieve prevailing party status at an administrative level and therefore be entitled to attorneys' fees and costs. For example, the District Court in the Southern District of New York has taken up this issue on several occasions since the *Buckhannon* decision, and in every instance, fees have been awarded following an administrative appeal order entered in favor of a plaintiff. "It is well-settled that attorney's fees may be awarded for representation in connection with an impartial hearing." *M.S. v. New York City Bd. of Educ.*, Nos. 01 Civ. 4015(CBM), 2002 WL 31556385, at *2 (S.D.N.Y., Nov.18, 2002); *See also M.L. v. Bd. of Educ.*, No. 02 Civ.4288(SHS), 2003 WL 1057476 at *1 (S.D.N.Y., March 10, 2003) (quoting language from *M.S. v. New York City Bd. of Educ.*); *S.W. v. Bd. of Educ.*, 257 F. Supp.2d 600, 603 (S.D.N.Y., 2003) (stating the Board did not challenge the plaintiff's right to fees for the administrative hearing). Similarly, the District Court in Ohio recently assumed that a plaintiff who garnered success at the administrative level was, in fact, a prevailing party. *See Gross v. Perrysburg Exempted Village School District*, 306 Supp.2d 726, 728 (N.D.Ohio).[5]

In *L.C. v. Waterbury Bd. of Educ.*, No. Civ. A. 300CV580(CFD), 2002 WL 519715 (D.Conn., March 21, 2002), the plaintiff requested a due process hearing under the IDEA to dispute the IEP proposed for her daughter A.C. by the Waterbury School Board (hereinafter "Board"). Subsequent to the due process hearing, the hearing officer wrote a decision wherein she determined that the Board "failed to comply with IDEA", that A.C. should "be placed in

---

**5.** The Seventh Circuit recently wrote:

The parties do not dispute that the IDEA's fee-shifting provision allows courts to grant attorney's fees to parents who prevail in an administrative hearing. Indeed, we held in *Brown v. Griggsville Comm. Unit Sch. Dist. No. 4,* that the IDEA does allow fees to the prevailing party in administrative hearings. 12 F.3d 681, 683–84 (7th Cir.1993). While we rècognize that this opinion was issued before *Buckhannon,* we do not perceive that *Buckhannon* requires a different conclusion.

*T.D.*, 349 F.3d at 479.

a residential education program" and that, if the program was not implemented as directed, the state should take steps to enforce the decision. *L.C.*, 2002 WL 519715 at *2. The plaintiff then filed suit in the federal court to recover attorneys' fees in connection with the administrative proceedings.

The Court in *A.C.* directly addressed the issue at hand in the present case and so shall be quoted at some length:

> The Court must first decide whether the relief obtained in this case, which was obtained through the final decision of the due process hearing officer, can be considered an award of relief consistent with *Buckhannon*. The IDEA indicates that attorney's fees may be awarded "[i]n any action or proceeding brought under this section," and in § 1415, the term "proceeding" often is used to refer to due process or administrative hearings. *See, e.g.,* § 1415(d)(2)(F) and (k)(7)(C)(I) ("due process proceeding"); § 1415(i)(2)(B)(I) and (i)(3)(D)(ii) ("administrative proceeding"). Several courts writing before the *Buckhannon* decision concluded that the term "proceeding" refers to due process hearings and therefore that plaintiffs could recover attorney's fees if they prevailed at that level, even if no subsequent action was ever filed in state or federal district court. *See, e.g., Brown v. Griggsville Cmty. Unit School Dist. No. 4*, 12 F.3d 681, 683–84 (7th Cir. 1993); *Barlow–Gresham Union High School Dist. No. 2 v. Mitchell*, 940 F.2d 1280, 1284–85 (9th Cir.1991); *Angela L. v. Pasadena Independent School Dist.*, 918 F.2d 1188, 1192 n. 1 (5th Cir.1990); *Upper Valley Ass'n for Handicapped Citizens v. Blue Mountain School Dist. No. 21*, 973 F.Supp. 429, 434 (D.Vt.1997). In *Brown*, the Seventh Circuit explained why a hearing officer's decision is similar to that of a state or federal judge:

> In effect, the hearing officer appointed by the school board, and the reviewing agency, are adjuncts of the court, like a magistrate, in the administration of the federal statute....

*Brown*, 12 F.3d at 684 (referring to Illinois' two-tiered administrative IDEA scheme, which involves review by a hearing officer and then by the state educational agency before the dispute may reach state or federal court). That view appears to be consistent with *Buckhannon*'s rejection of the "catalyst theory" of awarding attorney's fees. An adjudication by a hearing officer is a sufficient determination of "legal merit" of the prevailing party's claims. *See Buckhannon*, 532 U.S. at 604–05, 121 S.Ct. 1835. Moreover, failure to award attorney's fees under these circumstances would result in the prevailing parent only recovering fees if the opposing local education agency appealed the decision of the hearing officer, a circumstance obviously not suggested by the language of the IDEA. Finally, dicta in *J.C.* indicating that due process hearings, or "administrative proceedings," are similar to judicial actions for purposes of determining attorney's fees under § 1415, suggests that the Second Circuit would adhere to this view after *Buckhannon*. Based on this authority, the Court concludes that the due process hearing in the instant case was a "proceeding" for the purposes of the IDEA provision authorizing the award of attorney's fees to a prevailing party.

*L.C.*, 2002 WL 519715 at *2–*3 (footnote omitted).

Following its determination that fees could be awarded to a prevailing party under the IDEA, the Court next took up the issue of whether the relief granted in the administrative appeal qualified the plaintiff as a prevailing party. The Court

determined the hearing officer's decision that the Board "failed to provide appropriate educational services to A.C. and ordered the Board to provide A.C. a residential placement" changed the legal relationship between the two parties because the Board now had the responsibility of paying for the plaintiff's education. *L.C.*, 2002 WL 519715 at \*5. Concluding that the plaintiff had "obtained significant relief on her claim against the Board", the Court determined that the plaintiff qualified as a prevailing party entitled to attorney's fees. *L.C.*, 2002 WL 519715 at \*5.

The reasoning in the *L.C.* decision is persuasive. Like *L.C.*, Plaintiff challenged the IEP proscribed by BPS and sought an administrative hearing to protest his proposed education plan. After hearing all of the evidence, the hearing officer agreed with Plaintiff's position and ordered that all the relief sought be implemented by Defendant. Like *L.C.*, the legal relationship between Plaintiff and BPS changed consequent to the BPS following the order of the BSEA.

Under the relevant case law, based on the facts of this case, Plaintiff is a prevailing party under the IDEA.

### *IV. Conclusion*

For the reasons stated above, the Court rules that Plaintiff's success at the administrative level whereby the relationship between Plaintiff and Defendant was changed qualifies him as a prevailing party under the IDEA. Counsel are ORDERED to meet and confer in a good-faith attempt to reach agreement on the amount of attorneys' fees which are to be paid and to file a joint status report *on or before the close of business on Friday, May 21, 2004.* In the status report, counsel shall inform the Court as to whether agreement on the amount of fees has been reached, and if so, shall forward to the Court an agreed-upon form of judgment. If counsel

report that agreement cannot be reached, counsel shall suggest to the Court a schedule for presenting to the Court the disputed issues.